**BAKER & HOSTETLER LLP**
David H. Stern (SBN 196408)
Alex E. Spjute (SBN 229796)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*dstern@bakerlaw.com*
*aspjute@bakerlaw.com*
*kahmadian@bakerlaw.com*

*Attorneys for Defendant*
THE CAPITAL GROUP COMPANIES, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IWAN NYOTOWIDJOJO, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

THE CAPITAL GROUP COMPANIES, INC.,

Defendant.

Case No.: 8:25-cv-01816-JWH-JDE

*[Assigned to Hon. John W. Holcomb]*

**DEFENDANT THE CAPITAL GROUP COMPANIES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S CLASS ACTION COMPLAINT**

**Date:** December 19, 2025
**Time:** 9:00 a.m.
**Dept:** Courtroom 9D

Case Filed: August 15, 2025

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1
II. ARGUMENT ..... 1
  A. Plaintiff Lacks Article III Standing. ..... 1
  B. Plaintiff's Federal Wiretap Act Claim Fails. ..... 3
    1. Capital Group Did Not Intercept Plaintiff's Communications for a Criminal or Tortious Purpose. ..... 3
    2. Capital Group Did Not Intercept The "Contents" Of Plaintiff's Communications. ..... 5
  C. Plaintiff's CIPA Claims Fail to Allege Requisite Intent ..... 6
  D. Plaintiff's CIPA Section 631(a) Claim Should be Dismissed ..... 6
    1. Plaintiff Cannot Establish a Predicate CIPA Violation ..... 6
    2. Plaintiff's "Aiding And Abetting" Claim Otherwise Fails ..... 8
  E. Plaintiff's CIPA Section 632 Claim Fails ..... 8
  F. Plaintiff Has Not Alleged an Invasion of Privacy Claim ..... 9
  G. Plaintiff's Class Allegations Should Be Stricken ..... 11
  H. Plaintiff Cannot Be Awarded Punitive Damages ..... 11
III. CONCLUSION ..... 12


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................ 11, 12

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ........................................ 11, 12

*Bradshaw v. Lowe's Cos., Inc.*,
2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) ........................................ 3

*Brown v. Google, LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) ........................................ 9

*Clark v. Allstate Ins. Co.*,
106 F. Supp. 2d 1016 (S.D. Cal. 2000) ........................................ 11

*Clausing v. S.F. Unified Sch. Dist.*,
221 Cal. App. 3d 1224 (1990) ........................................ 10

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023) ........................................ 10

*Doe 1 v. United Airlines, Inc.*,
2021 WL 4595766 (C.D. Cal. Apr. 22, 2021) ........................................ 12

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ........................................ 6

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ........................................ 10

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ........................................ 9

*Garcia v. Build.com, Inc. et al.*,
2023 WL 4535531 (S.D. Cal. July 13, 2023) ........................................ 7

*Goulart v. Cape Cod Healthcare, Inc.*,
2025 WL 1745732 (D. Mass. June 24, 2025) ........................................ 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Grimberg v. United Airlines, Inc.*,
2023 WL 2628708 (C.D. Cal. Jan. 10, 2023) ..... 12

*Heiting v. athenahealth, Inc.*,
2024 WL 3761294 (C.D. Cal. July 29, 2024) ..... 8

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ..... 8

*Hill v. Workday, Inc.*,
2024 WL 3012802 (N.D. Cal. June 14, 2024) ..... 10

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ..... 11

*Katzberg v. Regents of Univ. of California*,
29 Cal. 4th 300 (2002) ..... 10

*Kelley v. Corrs. Corp. of Am.*,
750 F. Supp. 2d 1132 (E. D. Cal. 2010) ..... 11

*Khamooshi v. Politico LLC*,
2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ..... 3

*Krantz v. Old Copper Co., Inc.*,
794 F. Supp. 3d 724 (C.D. Cal. 2025) ..... 11

*Martin v. Sephora USA, Inc.*,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ..... 8

*In re Meta Pixel Healthcare Litig.*,
647 F.Supp.3d 778 (N.D. Cal. 2022) ..... 4

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) ..... 5, 6

*Moore v. Rodriguez*,
2021 WL 2222590 (S.D. Cal. June 2, 2021) ..... 10

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024) ..... 4

*Oganyan v. Biolife Plasma Servs. L.P.*,
2025 WL 2979619 (E.D. Cal. Oct. 22, 2025) ..... 3

*Omni King, Inc. v. Accelerant Specialty Ins. Co.*, 2023 WL 6881824 (C.D. Cal. Apr. 19, 2023) .......... 12

*Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025) .......... 2, 3

*R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876 (C.D. Cal. 2024) .......... 4

*Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 8

*Rodriguez v. Google LLC*, 2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 8

*Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) .......... 4

*Shah v. Capital One Financial Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025) .......... 4, 10

*Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 8

*Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751 (N.D. Cal. May 24, 2023) .......... 7

*Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969 (C.D. Cal. 2023) .......... 7

*In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......... 9

*Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041 (N.D. Cal. Dec. 30, 2024) .......... 5, 6

**Statutes**

15 U.S.C. § 6802(b) .......... 3, 4, 9

Cal. Fin. Code § 4052 .......... 2, 3, 4, 9

California's Invasion of Privacy Act, Cal. Penal Code § 631 *et seq* .......... 6, 7, 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Other Authorities**

California Constitution Article I, Section 1 ........................................................ 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Plaintiff Iwan Nyotowidjojo's ("Plaintiff") Opposition to Defendant The Capital Group Companies, Inc.'s ("Defendant" or "Capital Group") Motion to Dismiss and/or Strike ("Opposition" or "Opp.") is devoid of support that Capital Group's use of Google Analytics constitutes an illegal wiretap. Because Plaintiff fails to overcome the factual and legal deficiencies in his Complaint, the Court should dismiss his claims in their entirety. If the Complaint is not dismissed in its entirety, Plaintiff's class allegations should be stricken due to the Complaint's impermissibly broad, vague, and inapplicable class definitions. Also, given the lack of factual allegations to justify such an award, Plaintiff's request for punitive damages should be dismissed.

## II. ARGUMENT

### A. Plaintiff Lacks Article III Standing.

Plaintiff has not pled a concrete privacy injury sufficient to establish Article III standing. The arguments made in his Opposition all fail. As an initial matter, Plaintiff's injury argument is premised on a blatant misrepresentation of the applicable law. Plaintiff states without qualification that "[u]nder state and federal law [GLBA and CalFIPA], financial service providers—including Defendant—***are prohibited from disclosing nonpublic personal information to third parties***." (Opp. at 2:19-21) (citing 16 C.F.R. § 313.3; Cal. Fin. Code § 4050, *et seq*.) (emph. added). Plaintiff's characterization of the cited statutes is, at best, incomplete and, at worst, grossly misleading. As Capital Group explained in its Motion, both statutes *expressly permit* the disclosure of nonpublic personal information by financial institutions when prior consent, notice, and/or an opportunity to opt out have been provided. (*See* Mot. at 17-18.) Yet, Plaintiff invokes these statutes without providing any facts to establish that any alleged disclosure violated them—or that Plaintiff is even within their scope of protection. Indeed, Plaintiff's own allegations that his account was an "employer sponsored retirement plan" (Compl. ¶ 5) conclusively



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

establishes that CalFIPA would not apply. *See* Cal. Fin. Code § 4052 ("For purposes of this division, an individual is ***not a consumer*** of a financial institution solely because he or she is (1) a ***participant or beneficiary of an employee benefit plan*** that a financial institution administers or sponsors[.]").

Regardless, Plaintiff fails to identify any facts in the Complaint establishing a concrete privacy harm traditionally recognized under common law and required for Article III standing. Plaintiff cites allegations he "'managed his retirement account' through Defendant's Website, where he 'set his contribution limits and selected the assets to fund his retirement account'" and Capital Group transmitted his personally identifiable information ("PII") to Google for the "purposes of targeted advertising." (Opp. at 4 (citing Compl. ¶¶ 5, 7, 63, 86, 93).) These assertions are vague and conclusory and do not demonstrate any cognizable privacy injury. Not only does Plaintiff not allege that he received targeted advertising as a result of his visit, but as argued in the Motion—which Plaintiff does not address—these allegations lack critical factual context, including what information was ***actually collected*** and how that data on its own could be attributable to Plaintiff. (*See* Mot. 15:2–16).

Plaintiff argues that general non-specific allegations about what Google *may be* capable of collecting are sufficient at the pleading stage. (*See* Opp. at 6:3-7:12.) But this ignores the most recent binding authority from the Ninth Circuit. *See Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). In *Popa*, the Ninth Circuit confirmed that to assert a concrete privacy-related harm, plaintiffs must ***allege specific facts*** showing how their alleged injury is akin to the "highly offensive" intrusions or disclosures recognized under common law. *Id.* at 791 (Holding courts must "assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system."). Plaintiff cannot rely on hypothetical or speculative injuries, he must connect the alleged data collection to an actual, independent harm.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Since *Popa*, district courts have consistently dismissed privacy claims for lack of Article III standing where allegations were similarly vague. *See, e.g.*, *Bradshaw v. Lowe's Cos., Inc.*, 2025 WL 3171740, at *4-6 (S.D. Cal. Nov. 12, 2025) (relying on *Popa* to find plaintiffs failed to establish Article III standing for their CIPA claim); *Oganyan v. Biolife Plasma Servs. L.P.*, 2025 WL 2979619, at *3-4 (E.D. Cal. Oct. 22, 2025) (same; finding one-time collection of plaintiffs' IP and email addresses was not "highly offensive" and thus not a concrete harm sufficient to establish standing); *Khamooshi v. Politico LLC*, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) ("Absent specific allegations about the type of browsing and geolocation information disclosed, these categories of information are insufficient to support a concrete privacy injury."). The same reasoning applies here.

Because Plaintiff has not alleged facts demonstrating concrete privacy harm, the injury-in-fact requirement for Article III standing is not satisfied, and the claims must be dismissed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### B. <u>Plaintiff's Federal Wiretap Act Claim Fails.</u>

#### *1. Capital Group Did Not Intercept Plaintiff's Communications for a Criminal or Tortious Purpose.*

Plaintiff's arguments that the crime-tort exception applies (Opp. at 7-10) ring hollow.

*First*, although Plaintiff explicitly relies on these statutes to establish an alleged criminal or tortious purpose (*see* Opp. at 9:22-25), Plaintiff has not plausibly alleged a violation of the GLBA, CalFIPA, or common law. As outlined above, Plaintiff's employer sponsored retirement account is not covered by CalFIPA. *See* Cal. Fin. Code § 4052. And even assuming the account falls under the GLBA, Plaintiff does not allege that notice was lacking or that he was denied an opportunity to opt out. *See* 15 U.S.C. § 6802(b). For these same reasons, Plaintiff's burden-shifting arguments are inapplicable. (*See* Opp. at 8.) Plaintiff—not Capital Group—bears the burden of pleading a plausible claim. In the case of a Federal Wiretap Act claim where Plaintiff

relies on the crime-tort exception, that burden necessarily includes alleging facts showing a criminal or tortious purpose. Plaintiff has failed to meet that burden.[1]

*Second*, Plaintiff fails to allege a tortious act that was separate and independent of the interception itself, as required to invoke the crime-tort exception. *See, e.g.*, *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at *12 (C.D. Cal. Feb. 27, 2025) (for the exception to apply, "a plaintiff must plausibly allege that the interception at issue was undertaken for a criminal or tortious purpose, which is independent of the interception itself"). Plaintiff's reliance on alleged violations of GLBA and CalFIPA does not satisfy this requirement because, by Plaintiff's own theory, those statutes are violated by the alleged ***disclosure*** of information—conduct that occurs *during the interception*, not afterward. (*See* Compl. ¶ 129) ("Defendant facilitated Google's *simultaneous* eavesdropping and wiretapping of confidential communications.") (emph. added.) Ultimately, Plaintiff does not allege that Capital Group committed any act *after* the interception itself, which is necessary to trigger the crime-tort exception. *See Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1095 (W.D. Wash. 2024) (dismissing ECPA claim "where Plaintiff alleges the simultaneous transmission of communications to third parties like Facebook).

*Third*, multiple courts "have found that the crime-tort exception to [ECPA] is inapplicable where the defendant's primary motivation was to make money." *In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d 778, 787 (N.D. Cal. 2022); *Amgen*, 2024 WL 2873482, at *6 (finding crime-tort exception was inapplicable because defendant's "primary motivation was to make money rather than to injure plaintiffs tortiously or criminally."). To the extent there is conflicting caselaw on how to analyze commercial motivation as one of many factors, such caselaw is inapposite

[1] *Shah v. Capital One Financial Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025) and *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876 (C.D. Cal. 2024) are distinguishable and otherwise unpersuasive. (*See* Opp. at 7-8.) In both cases, plaintiffs identified ***subsequent activity*** that they alleged caused them harm—i.e., that they received targeted advertising after visiting defendants' websites. Plaintiff here does not allege any similar subsequent act outside of the alleged interception. *See Cap. One Fin. Corp.*, 768 F. Supp. 3d at 1041; *Walgreen Co.*, 733 F. Supp. 3d at 897-898.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

because commercial motivation is the only motivation alleged by Plaintiff. *See, e.g.*, *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *4 (D. Mass. June 24, 2025) (crime-tort exception inapplicable where plaintiff alleged disclosure was for "commercial use" and that purpose was to commit a criminal or tortious act; "[A]s previously explained, commercial purposes or advantages are not the stuff of which a crime-tort is made.").

Accordingly, Plaintiff's Wiretap Act claim must be dismissed.

***2. Capital Group Did Not Intercept The "Contents" Of Plaintiff's Communications.***

Plaintiff fails to allege that the contents of any communication were intercepted because the Complaint does not identify what specific data, if any, was collected during Plaintiff's single visit to the Website. Plaintiff's pleading deficiencies are highlighted by the cases he relies upon in support, all of which involve detailed allegations of data collection much more extensive in type and scope than anything alleged here. (*See* Opp. at 11-12.) For instance, in *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987 (N.D. Cal. 2024) the plaintiffs specifically alleged that their financial information, to include "form field information . . . contact information, filing status, gross income, dependents, social security numbers, and other tax filing and financial information" was collected by Meta. *Id.* at 1004 (quoting complaint). Likewise, in *Yoon*, plaintiff alleged information including "the video's URL whenever a viewer access that webpage, the title of the video watched, when a view[er] started and finished the video's consent, and when the viewer started and finished the advertisement that plays before the video . . .[,] user's email, first name, last name, gender, phone number, city, state, and zip code." 2024 WL 5264041, at *2 (citing complaint).

Here, the only allegations in this Complaint relating to Plaintiff's interaction with the Website are vague statements that he "set his contribution limits" and "selected the assets to fund his retirement account" during his visit. (*See* Compl. ¶ 5.)




BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

The Complaint provides no details about how these actions were performed or what specific data belonging to Plaintiff may have been collected. Moreover, the screenshots which Plaintiff heavily relies upon are not tied to Plaintiff's visit; they merely show data that could have been transmitted to Google via the GA Cookie on an *unspecified* date by an unidentified user. (*See id.* ¶¶ 55–59.) And even if they depicted Plaintiff's visit, they only show minimal record information, including URLs, HTTP requests, button clicks and page navigation, that hypothesize how data *might* be transmitted to Google via the GA Cookie. Without concrete facts tied to Plaintiff's own session, any determination as to whether the data constitutes "contents" is purely speculative.

For all of these reasons, Plaintiff's Wiretap Act claim fails as a matter of law and should be dismissed with prejudice.

### C. Plaintiff's CIPA Claims Fail to Allege Requisite Intent.

Plaintiff misconstrues the scienter element required to establish liability. Like the crime-tort exception, Plaintiff fails to allege scienter because he has not—and cannot—allege Capital Group installed the GA Cookie ***with knowledge and intent that*** it read or eavesdropped on Website visitors. (Mot. at 21.) Thus, Plaintiff's CIPA claims must be dismissed with prejudice. *See, e.g.*, *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024) ("CIPA liability only extends to willful or intentional conduct, so even if some private health information is inadvertently sent to Google—and subsequently gets integrated into the reports—the plaintiffs fail to plausibly allege Google is intentionally reading or learning the contents of the plaintiffs' private health communications.").

### D. Plaintiff's CIPA Section 631(a) Claim Should be Dismissed.

#### *1. Plaintiff Cannot Establish a Predicate CIPA Violation.*

Plaintiff's arguments that his allegations satisfy the "contents" and "in transit"

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

elements of the second clause of Section 631(a) are without merit.[2]

*First*, for the very reasons Plaintiff fails to allege sufficient facts showing the contents of his communications were intercepted or disclosed in violation of the Wiretap Act (*see* § IV.B.2), he similarly fails to satisfy the "contents" requirement under CIPA.

*Second*, courts in the Ninth Circuit routinely find allegations like Plaintiff's insufficient to plausibly allege a communication was intercepted "in transit." For example, in *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751 (N.D. Cal. May 24, 2023), held allegations that website source code "allows the [third party] to secretly intercept in real time, eavesdrop upon and store transcripts of Defendant's chat communications" insufficient to allege real time interception. *Id.* at 758; *see also Garcia v. Build.com, Inc. et al.*, 2023 WL 4535531 (S.D. Cal. July 13, 2023) ("This claim fails because the Complaint does not plausibly allege the existence of a third-party eavesdropper."); *but see Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 979 (C.D. Cal. 2023) (finding allegations that provided factual detail regarding how real time interception occurred from the third party that embedded code into defendant's website and provided "[r]eal-time insights" and [d]ata from every use event *collected as it happens*" were sufficient to plausibly allege real time interception) (emph. in original).

Here, Plaintiff alleges nothing more than the GA Cookie "immediately intercepts a user's interaction with the webpage every time the user visits it." (Compl. ¶ 44.) This allegation, just like those in *Keurig Green Mountain*, "does little more than restate the pleading requirement of real time interception." *Keurig Green Mountain*, 674 F. Supp. 3d at 758. Because Plaintiff fails to sufficiently allege an underlying violation of § 631(a) as to the alleged third-party eavesdropper (Google), Plaintiff's derivative aiding and abetting claim against Capital Group fails.

[2] Plaintiff fails to address Capital Group's argument that he cannot assert a predicate violation of Clause One because it does not apply to internet connections—only telephones and telegraphs. (*See* Opp. at 14-17.)

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Accordingly, Plaintiff's CIPA § 631(a) claim should be dismissed with prejudice.

***2. Plaintiff's "Aiding And Abetting" Claim Otherwise Fails.***

Plaintiff argues his allegations the GA Cookie "improve[s] Google's own ad targeting capabilities" are sufficient to show the third-party vendor acted independently as opposed to as "an extension of the company." *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *13 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023). But similar allegations are routinely found to be conclusory. *See, e.g.*, *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1017 (C.D. Cal. 2023) ("In addition to storing the data for some later unspecified use of its own, Plaintiff alleges that Genesys 'shares the data it collects and stores with Taro.' . . . Many of these allegations are conclusory and do not allow for the inference that Genesys has the capability to use, as opposed to store, data for its own business model."); *Heiting v. athenahealth, Inc.*, 2024 WL 3761294, at *4 (C.D. Cal. July 29, 2024) (finding conclusory allegations that the third party could use communications to collect information about a specific user and create a transcript to enhance its own business were "too general and conclusory to support a reasonable inference that [the third party] had the capability to use the communications for any purpose beyond providing it to" the defendant).

Likewise, Plaintiff's vague assertion Google could use data for targeted marketing is insufficient to establish Google as a third-party eavesdropper. Accordingly, Plaintiff's derivative CIPA claim fails and should be dismissed.

**E. <u>Plaintiff's CIPA Section 632 Claim Fails.</u>**

*First*, Plaintiff fails to point to any facts—let alone sufficient facts to give rise to a plausible inference—that Capital Group "had knowledge of [Google's] conduct ***violating the statute***, let alone had an intent or purpose of aiding it substantially." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 944 (N.D. Cal. 2024) (emph. added) (dismissing § 632 claim).

*Second*, in California, "courts have developed a presumption that Internet



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

communications do not reasonably give rise to that expectation." *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (citing and collecting authorities). "[P]laintiffs must plead unique, definite circumstances rebutting California's presumption against online confidentiality." *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (dismissing § 632 claim).

Plaintiff's Opposition cites *Brown v. Google, LLC*, 685 F. Supp. 3d 909 (N.D. Cal. 2023), which is not only distinguishable, but ironically highlights the presumption Plaintiffs seek to avoid. In *Brown*, the plaintiff alleged that "[g]iven Google's portrayal of Incognito mode and its failure to explicitly notify users it would be among the third parties recording their communications with other websites, plaintiffs could have had a reasonable expectation of privacy over their private browsing." *Id.* at 939. Here, by contrast, the limited record information allegedly communicated to the Website by Plaintiff is not confidential.



### F. <u>Plaintiff Has Not Alleged an Invasion of Privacy Claim</u>

Plaintiff has not shown he has a reasonable expectation of privacy or that Capital Group's alleged actions were highly offensive.

*First*, Plaintiff cites to generic, hypothetical allegations regarding what information may be transmitted via the GA Cookie—not to any allegations regarding his own specific information. (Opp. at 19 (quoting Compl. ¶ 60).) Thus, to the extent his assertions of a reasonable expectation of privacy in any "nonpublic personal information" are reliant on GLBA and CalFIPA, these assertions fail.

*Second*, Plaintiff's argument that the collection of his information by Capital Group constituted a highly offensive intrusion is unpersuasive. The cases cited by Plaintiff are distinguishable because they allege detailed and significant collection of personal information by defendants. *See, e.g., In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017) (finding collection of "exceptionally vast array of information about [consumers'] digital identities and viewing histories"

coupled with collection of information despite consumers' opting out was sufficient to allege a pattern of "highly offensive" conduct); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020) (finding "allegations of surreptitious data collection when individuals were not using Facebook [were] sufficient to survive a dismissal motion" on invasion of privacy claim).

By contrast, in *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 946 (S.D. Cal. 2024), also cited by Plaintiff, the court dismissed claims for invasion of privacy and intrusion upon seclusion, finding plaintiff's allegations that defendant's software "allegedly captured, among other things, Plaintiff's 'personal details' and 'browsing history,' . . .and IP address . . . [was] insufficient to demonstrate that Defendant's conduct constituted a serious invasion of a protected privacy interest." Likewise, in *Shah v. Capital One Financial Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025), the court found the alleged disclosure of plaintiff's employment information, bank account information, eligibility for preapproval or approval of a credit card "does not rise to the level of an 'egregious breach of social norms.'" *Id.* at 1047 (dismissing California Constitutional invasion of privacy claim).

Lastly, Plaintiff's argument regarding his claim for monetary damages under Article I, Section 1 of the California Constitution (Opp. at 21) is without merit. In *Katzberg v. Regents of Univ. of California*, 29 Cal. 4th 300 (2002) the California Supreme Court noted it had "no occasion to consider in the present case the circumstances under which the privacy clause of the state Constitution may support a cause of action for damages." *Id.* at 313 n.13. Indeed, California courts routinely hold that monetary damages are ***not*** available under Article I, Section 1 of the California Constitution. *See, e.g.*, *Clausing v. S.F. Unified Sch. Dist.*, 221 Cal. App. 3d 1224 (1990). Courts within the Ninth Circuit agree. *See, e.g.*, *Hill v. Workday, Inc.*, 2024 WL 3012802, at *15-16 (N.D. Cal. June 14, 2024) (dismissing constitutional privacy claim for improperly seeing monetary damages rather than injunctive relief); *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1128 (S.D. Cal.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2023) (same); *Moore v. Rodriguez*, 2021 WL 2222590, (S.D. Cal. June 2, 2021) ("California's 'constitutional provision protecting the right of privacy . . . supports a cause of action for an injunction' but it does not confer on a litigant a private right of action for damages."). Accordingly, Plaintiff's constitutional privacy claim should be dismissed.

**G. Plaintiff's Class Allegations Should Be Stricken.**

Plaintiff appears to acknowledge that if his Federal Wiretap Act claim is dismissed, his nationwide class definition should be stricken (or dismissed). (Opp. at 22.) Because this claim should be dismissed, as discussed at length in Capital Group's Motion and this Reply, the nationwide class definition should likewise be stricken. Moreover, Plaintiff's argument that the discovery rule permits an undefined class period (Opp. at 22-23) is unavailing. Even if the Court were to determine the discovery rule extends CIPA's one-year statute of limitations (it should not), Plaintiff has not adequately invoked the discovery rule here. *See, e.g.*, *Krantz v. Old Copper Co., Inc.*, 794 F. Supp. 3d 724, at 737-38 (C.D. Cal. 2025) (finding plaintiffs failed to "specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence" as is necessary to invoke the discovery rule); *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 903 (N.D. Cal. 2023) (dismissing plaintiff's CIPA claim for failure to plead sufficient facts to invoke the delayed discovery rule).

**H. Plaintiff Cannot Be Awarded Punitive Damages.**

Sidestepping Capital Group's argument that CIPA does not explicitly authorize punitive damages (Mot. at 29-30), Plaintiff focuses instead on the pleading standard for his punitive damages claim. (Opp. at 23-24.) But Plaintiff's citation to *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016 (S.D. Cal. 2000), is unavailing. As Plaintiff (and numerous courts) acknowledge, *Clark* was decided prior to the Supreme Court rulings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). (*See* Opp. at 23-27.) Following *Iqbal* and *Twombly*,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

another district court in this Circuit determined the heightened pleading standard espoused in those cases applied to claims for punitive damages. *Kelley v. Corrs. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E. D. Cal. 2010). As such, the *Kelley* court rejected plaintiff's claim for punitive damages for relying on conclusory allegations. *Id.* While district courts in California have been split on which pleading standard plaintiffs must meet to sufficiently state a claim for punitive damages, the majority, and correct view, is that the pleading standard set forth in *Iqbal* and *Twombly* applies. *See, e.g.*, *Omni King, Inc. v. Accelerant Speciality Ins. Co.*, 2023 WL 6881824, at *3 (C.D. Cal. Apr. 19, 2023) ("After reviewing the relevant case law, this Court joins what appears to be the majority view, that the pleading standard set forth in *Iqbal* and *Twombly* applies to Omni King's claim for punitive damages."); *Grimberg v. United Airlines, Inc.*, 2023 WL 2628708, at *3 (C.D. Cal. Jan. 10, 2023) ("[T]he Court agrees with what appears to be the majority of courts that allegations supporting a claim of punitive damages must be alleged with sufficient specificity to satisfy the *Iqbal*/*Twombly* standards, as there simply is no principled reason to depart with Supreme Court precedent on the issue."); *Doe 1 v. United Airlines, Inc.*, 2021 WL 4595766, at *6 (C.D. Cal. Apr. 22, 2021) ("The Court agrees that the pleading requirements set forth in *Twombly* and *Iqbal* apply to Plaintiffs' claim for punitive damages.").

Here too the Court should apply the *Iqbal* and *Twombly* standards and find Plaintiff's allegations are insufficient to support a claim for punitive damages.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Capital Group respectfully requests the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

\\

\\

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: December 5, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Kamran B. Ahmadian*
David H. Stern
Alex E. Spjute
Kamran B. Ahmadian

*Attorneys for Defendant*
THE CAPITAL GROUP COMPANIES, INC.