**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

IWAN NYOTOWIDJOJO,

Plaintiff,

v.

THE CAPITAL GROUP COMPANIES, INC.,

Defendant.

Case No. 8:25-cv-01816-JWH-JDE

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT [ECF No. 13]**

Before the Court is the motion of Defendant The Capital Group Companies, Inc. to dismiss the Complaint of Plaintiff Iwan Nyotowidjojo.[1] Nyotowidjojo opposes the Motion.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, for the reasons set forth below the Court orders that Defendant's instant Motion is **DENIED without prejudice**, and, on the Court's own motion, Nyotowidjojo is **GRANTED leave to amend** his Complaint.

Nyotowidjojo asserts claims for relief for violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, *et seq.*; for violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 631(a) & 632; and for invasion of privacy under the California Constitution.[3] Capital Group moves to dismiss or strike all of Nyotowidjojo's claims pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 12(f) of the Federal Rules of Civil Procedure.[4] In his Opposition, Nyotowidjojo requests leave to amend his pleading if the Court chooses to grant Capital Group's Motion.[5]

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions to dismiss Nyotowidjojo's claims. Instead, the Court will direct the parties to engage in a rigorous L.R. 7-3 Conference of Counsel and will grant Nyotowidjojo leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so

---

[1] Def.'s Mot. to Dismiss (the "Motion") [ECF No. 13].

[2] Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 17].

[3] *See generally* Compl. [ECF No. 1].

[4] *See generally* Motion.

[5] Opposition 24:28–25:2.

requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and quotation omitted). The Court suggests that Nyotowidjojo take this opportunity to consider carefully Capital Group's criticism of his current pleading and to present his best pleaded claims, as the Court will be unlikely to grant further leave to amend.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Capital Group's instant Motion [ECF No. 13] is **DENIED without prejudice**.

2. The hearing on Capital Group's Motion currently set for December 19, 2025, is **VACATED**.

3. The parties are **DIRECTED** forthwith to engage in an additional L.R. 7-3 Conference of Counsel regarding the alleged infirmities in the Complaint.

4. Nyotowidjojo is **DIRECTED** to file an amended pleading, if at all, no later than January 2, 2026. If Nyotowidjojo chooses to file an amended pleading, then he is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version showing the amendments.

5. Capital Group is **DIRECTED** to file its response to Nyotowidjojo's operative pleading no later than January 23, 2026.

**IT IS SO ORDERED.**

Dated: December 12, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE